IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## STATE OF TENNESSEE v. SHAUN DAVID PIERCE

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 15276, 15308, 15309, 15310    Charles Lee, Judge**

_____

**No. M2003-01076-CCA-R3-CD - Filed February 19, 2004**

_____

The Defendant, Shaun David Pierce, pled guilty to four counts of burglary of an automobile, a Class E felony, two counts of theft over one-thousand dollars, a Class D felony, two counts of theft over five-hundred dollars, a Class E felony, four counts of theft under five-hundred dollars, a Class A misdemeanor, and two counts of vandalism under five-hundred dollars, a Class A misdemeanor. The Defendant received an effective sentence of sixteen years. The sole issue in this direct appeal is whether the trial court erred by not allowing the Defendant to serve his sentence in the community corrections program. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Andrew Jackson Dearing, Lewisburg, Tennessee, for the appellant, Shaun Pierce.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Mike McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant pled guilty to the aforementioned assortment of crimes on February 7, 2003. The Defendant admitted to breaking into four cars and stealing objects inside in an effort to fund his drug habit. The trial court sentenced him as a Range II offender, a classification the Defendant does not contest, to an effective sentence of sixteen years, which the Defendant does not contest. The Defendant's sole issue is whether the trial court should have allowed him to serve his sentences in the community corrections program.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See id.; State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); Ashby, 823 S.W.2d at 170.

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The

court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1); see also State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

(1) Persons who, without this option, would be incarcerated in a correctional institution;
(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
(3) Persons who are convicted of nonviolent felony offenses;
(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(6) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a). However, persons who are sentenced to incarceration or who are on escape at the time of consideration will not be eligible, even if they meet these criteria. See id.

Persons who do not otherwise satisfy the minimum criteria and who would usually be considered unfit for probation due to histories of chronic alcohol abuse, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community may be considered eligible for participation in a community corrections program. Id. § 40-36-106(c).

Even though an offender meets the requirements for eligibility, he or she is not automatically entitled to participation in a community corrections program. See State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the Act provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. See Tenn. Code Ann. § 40-36-106(d).

The Defendant apparently argues that he should have been allowed to serve his sentences in Community Corrections under the "special needs" category. See Tenn. Code Ann. § 40-36-106(c). The presentence report reflects that the Defendant is thirty years old,[1] married with three children, and has received his GED. He has no long-term employment history. His criminal history is quite

---

[1] At the sentencing hearing, the Defendant maintained that the presentence report incorrectly listed his birth year as 1972, when it was, in fact, 1973, making him twenty-nine years old.

extensive. It dates back to 1991 and includes ten burglary convictions, one conviction for possession of marijuana, a robbery conviction, and several misdemeanors.

At the sentencing hearing, the Defendant admitted that he was guilty of all the instant offenses. He explained that he became addicted to cocaine while he was in prison, and he was nursing a habit that cost between three-hundred and fifty and five-hundred dollars per day. He broke into and stole items out of cars to buy drugs. He testified that he knew what he had done was wrong, but that he was unable to fight his addiction. He asked the trial court to be lenient and help him battle his drug problem.

As the trial court correctly noted, the Defendant was not entitled to the presumption that he was a favorable candidate for alternative sentencing because he was not "an especially mitigated or standard offender." Tenn. Code Ann. § 40-35-102(6). However, due to the nonviolent nature of the crimes he committed, he was eligible to serve his sentence in the community corrections program. See id. § 40-36-106(a). As we have already noted, although an offender may be eligible to participate in the program, he or she is not automatically entitled to it. See Ball, 973 S.W.2d at 294.

The trial court denied the Defendant any form of alternative sentence based on the Defendant's lengthy criminal history and his unwillingness to comply with measures less restrictive than confinement. See Tenn. Code Ann. § 40-35-103(1)(A), (C). Without question the Defendant's criminal history is extensive. Many of his crimes involve stealing or damaging the property of others in an attempt to support his cocaine habit. Indeed, at the sentencing hearing, the Defendant told the trial court, "If I could leave right now and walk out that door, I would find the nearest place to get some cocaine, and which will be probably close by." Clearly confinement is necessary in this case to protect the public from the Defendant, who has a long history of criminal activity. See id. § 40-35-103(1)(a).

Furthermore, the record shows that, in 1993, the Defendant's probation was revoked because he was convicted of robbery and evading arrest. In March of 1999, the Defendant was allowed to serve his four-year sentence in the community corrections program, but in 2001 he was convicted of possession of marijuana, in 2002 he was convicted of driving on a suspended license, and in February of 2003 he was convicted of the instant offenses. Thus, it appears that the Defendant was serving a community corrections sentence when he committed the instant offenses. Obviously, measures less restrictive than confinement have been unsuccessful with the Defendant. See id. § 40-35-103(1)(C). Therefore the trial court did not err by refusing to allow the Defendant to serve his sentences in the community corrections program.

The judgments of the trial court are affirmed.

_____
DAVID H. WELLES, JUDGE

-4-